UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Franco Ayobe, | Case No. 04-64973 |
| Debtor. | Hon. Phillip J. Shefferly |
| _____/ | |
| The Cadle Company, an Ohio corporation, | Adversary Proceeding No. 04-05080-PJS |
| Plaintiff, | |
| v. | |
| Yousif Enterprises, Inc., a/k/a Khalid Ayobe, d/b/a In "N" Out Store #12, and Franco Ayobe, a/k/a Khalid Ayobe, | |
| Defendants. | |
| _____/ | |

### AMENDED[1] ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION TO EXTEND OR RENEW JUDGMENT

On June 27, 2005, the Court entered a judgment awarding the Plaintiff a non-dischargeable judgment ("Judgment") against the Defendant in the amount of $394,231.02 (ECF No. 19). On October 1, 2014, the Plaintiff filed an ex parte motion to extend or renew the Judgment (ECF No. 55). The Plaintiff's ex parte motion requests the Court to enter an order extending and renewing the Judgment for a ten year period pursuant to applicable Michigan law. The Plaintiff's ex parte motion cites authority in support of the requested relief, including Mich. Comp. Laws Ann.

---

[1] This order amends the order previously entered by the Court on October 24, 2014 (ECF No. 56). The sole change is to correct an error appearing on the first line of that order for the entry date of the original judgment, June 27, 2005.

§ 600.5809(3). The Plaintiff's ex parte motion relies on Van Reken v. Darden, Neef & Heitsch, 259 Mich. App. 454; 674 N.W.2d 731, 734 (Mich. Ct. App. 2003) for the proposition that an ex parte motion to extend a judgment constitutes "an action" under Mich. Comp. Laws Ann. § 600.5809(3). It is true that Van Reken held that an ex parte motion constitutes "an action" for purposes of the statute cited. However, that does not mean that this Court is required to consider the requested relief on an ex parte basis, nor that a request for such relief in this Court may properly be made by means of an ex parte motion. Without expressing any view as to the Plaintiff's entitlement to the relief requested in its ex parte motion, the Court concludes that in this Court, a request to extend or renew the Judgment must be made by a motion filed and served under Local Bankruptcy Rule 9014-1 (E.D.M.), accompanied by a notice and opportunity for the Defendant to be heard. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's ex parte motion to extend or renew the Judgment is denied without prejudice to its right to file and serve a motion that complies with L.B.R. 9014-1.

.

```
Signed on October 27, 2014
                                       /s/ Phillip J. Shefferly
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge
```